ARMOUR & CO. OF DELAWARE, a Corporation, Plaintiff-Appellee, v. Carter H. HARRISON, Collector of Internal Revenue, Defendant-Appellant.

No. 6445.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1937.

M. L. Igoe, U. S. Atty., of Chicago, Ill., for petitioner.

James W. Morris, of Washington, D. C., for petitioner.

Chas. J. Faulkner, Jr., and John Potts Barnes, both of Chicago, Ill., for respondent.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Now this day come the parties by their counsel and present and file a stipulation to dismiss this appeal, which said stipulation is in the words and figures following, to wit:

"Whereas, on July 16, 1937, the United States District Court for the Northern Dis-

trict of Illinois, Eastern Division, rendered a judgment in favor of respondent in the sum of $172,962.63, together with interest from divers dates as set forth in said judgment; and

"Whereas, petitioner has appealed to this Court from said Judgment, and the case has been docketed in this Court; and

"Whereas, on March 25, 1937, respondent filed with the Commissioner of Internal Revenue a claim for refund of additional processing taxes, and interest, paid pursuant to Section 602½ of the Revenue Act of 1934, in the sum of $25,014.84, plus statutory interest thereon; and

"Whereas, said claim is now pending action by the Commissioner; and

"Whereas, respondent has offered to compromise the said Judgment and interest due thereon for the sum of $187,977.47, respondent to waive (1) all additional interest on the said Judgment, and (2) the total amount of the said additional claim for refund and interest thereon; and

"Whereas, said offer has been accepted by the Acting Attorney General of the United States; and

"Whereas, respondent has filed with counsel for petitioner (1) a satisfaction of the said Judgment and interest thereon, and (2) a waiver of the said claim for refund and interest thereon, both documents to be held in escrow until the sum of $187,977.47, without interest, has been paid to respondent; and

"Whereas, the questions here presented have become moot;

"It is therefore stipulated and agreed by and between the parties, by their respective counsel, that this appeal may be dismissed."

On consideration whereof, it is now here ordered and adjudged by this Court that this appeal be and the same is hereby dismissed pursuant to the foregoing stipulation.